KENNETH PARKINSON (6778), and
FABIANA WELLS (17343) for:
**HOWARD, LEWIS & PETERSEN, P.C.**
ATTORNEYS AND COUNSELORS AT LAW
120 East 300 North Street
Provo, Utah 84606
Telephone: (801) 373-6345
Facsimile: (801) 377-4991
parkinsonk@provolawyers.com
fabiana@provolawyers.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROSEMARY MURDOCK,<br><br>    Plaintiff,<br><br>vs.<br><br>ROSE MARY SKINNER, an individual;<br><br>HEALTH & WEALTH DISTRIBUTORS,<br><br>LLC, a foreign limited liability company;<br><br>    Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.:<br><br>Judge: |

Plaintiff, by and through counsel, submits this Complaint in accordance with the Fair Labor Standards Act of 1938, 29 U.S.C. 201, *et seq.*

**JURISDICTION, VENUE AND PARTIES**

1. Plaintiff is filing her claim under a federal statute, the Fair Labor Standards Act, and this Court has federal question jurisdiction.

2. A substantial part of the events or omissions giving rise to the claim occurred in the District of Utah, and Defendants reside in this District. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (2).

3. Plaintiff is an individual and resides in Utah County, Utah.

4. Plaintiff was employed by Defendant, Health and Wealth Distributors, LLC ("Health & Wealth") from January 2016 until November 2019.

5. Defendant, Rose Mary Skinner, is an individual residing in Weber County, Utah. She owns and operates Defendant, Health & Wealth.

6. Defendant, Health and Wealth, is a Wyoming limited liability company, and has at all times material hereto done business in the State of Utah and operated in Weber County, Utah.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates the foregoing paragraphs herein.

8. Plaintiff was employed by Health & Wealth as a personal assistant from January 2016 to November 2019.

9. Her job duties included, among others, scheduling, answering phone calls, calendaring, filing, organizing, translating documents, and paying bills.

10. Plaintiff worked on business-related tasks as well as personal tasks for Defendant Skinner such as cleaning Defendant Skinner's house, book personal vacations, set nail appointments, set eye lash appointments, book plane tickets for Defendant Skinner's family members and work on getting personal refunds for family members' flights.  There was no differentiation between personal, family and business matters.

11.

12. Plaintiff was compensated on a salary basis beginning at $700/week and increasing to $1,000/week in February 2018.

13. Defendant classified Plaintiff as an independent contractor and accounted for her payments with a 1099 for tax purposes.

14. However, Plaintiff was an employee and should have been compensated as such.

15. Defendant exercised significant control over Plaintiff's execution of her job duties, and supervised Plaintiff's work.

16. Plaintiff was employed for an indefinite period of time working on reoccurring duties rather than a specific project.

17. Defendant furnished all equipment needed for Plaintiff to carry out her job duties.

18. Defendant provided Plaintiff with a computer and company credit cards, and provided all material necessary for Plaintiff to carry out her job duties, including ink and paper.

19. Plaintiff began working primarily at Defendant's office at her house until mid-2018, when Plaintiff began working remotely with regular commutes to Defendant's office and other meeting locations.

20. Plaintiff frequently travelled abroad with Defendant.

21. Plaintiff had no supervising or managerial powers over other employees and worked solely under the control and direction of Defendant.

22. Plaintiff had little to no discretion and independent judgment with respect to matters of significance in Defendant's business. She needed Ms. Skinner's approval on any significant decisions.

23. Plaintiff also did not perform work directly related to the management or general business operations of Defendant's business. She needed Ms. Skinner's approval on any significant decisions.

24. Plaintiff was contracted to work 40 hours per week.

25. Plaintiff was hired to work Monday through Friday from 9:00 am to 5:00 pm.

26. Defendant required Plaintiff to frequently work outside these scheduled work hours and work overtime, including weekends, holidays and evenings.

27. The overtime required was extensive and detrimental to plaintiff's health and well-being.

28. Plaintiff was never paid for this overtime.

29. Plaintiff suggested to Defendant on several occasions that she should be employed as a W-2 employee, but Defendant told her she "didn't do that," and that all her personal assistants had been 1099 contractors.

30. Upon information and belief, Defendant has previously been sued for a failure to classify Plaintiff's predecessor correctly as an employee.

31. Defendant provided an "Employment Verification" regarding Plaintiff to a third party, suggesting Defendant knew that Plaintiff was in fact an employee.

32. Plaintiff requested that Defendant hire additional employees to relieve her excessive work hours and the impact it had on her life, but Defendant fired the one new candidate after a month.

33. Defendant's failure to classify Plaintiff as an employee and compensate her for hours worked in excess of 40 hours per week was willful and not done in good faith.

34. Plaintiff worked approximately 804 hours of overtime in 2016, amounting to at least $21,105.00.

35. Plaintiff worked approximately 1215 hours of overtime in 2017, amounting to at least $28,350.00 of unpaid overtime.

36. Plaintiff worked approximately 1080 hours of overtime in 2018, amounting to at least $39,600.00 of unpaid overtime.

37. Plaintiff worked approximately 970 hours of overtime in 2019, amounting to at least $37,375.00 of unpaid overtime.

<strong><u>FIRST CAUSE OF ACTION</u></strong><br>(FAILURE TO PAY OVERTIME)

38. Plaintiff incorporates the other paragraphs here.

39. Even though Defendant classified Plaintiff as a 1099 contractor, she is actually a W-2 employee due to the control exerted over her by Defendant.

40. Her job duties likewise do not qualify Plaintiff as an exempt employee.

41. The Fair Labor Standards Act requires employers to pay overtime hours at the rate of one and a half times the normal rate of pay, or one and a half times minimum wage, whichever is higher.

42. Overtime is any time worked in excess of 40 hours in one seven day period. Overtime cannot be avoided by averaging hours over multiple weeks or by any other system of manipulating the numbers.

43. Plaintiff's work duties do not qualify her for an exemption under the Fair Labor Standards Act and she is thus entitled to overtime pay.

44. Defendants required Plaintiff to work over 40 hours a week every month since the beginning of her employment.

45. Defendants have failed to pay Plaintiff any overtime since she was first hired.

46. Defendant's actions in refusing to pay Plaintiff for overtime was willful and deliberate, and in violation of the Fair Labor Standards Act.

47. Plaintiff is entitled to recover compensatory damages for all unpaid overtime hours worked during the past three years, as well as liquidated damages in an equal amount.

48. Defendant Health & Wealth is a façade for operations of Defendant Skinner.

49. Plaintiff was hired by Health & Wealth but performed tasks for both Defendants interchangeably without differentiation.

50. Defendant failed to observe corporate formalities.

51. Defendant Skinner used Defendant Health & Wealth to promote injustice.

52. Health & wealth is an alter ego of Ms. Skinner and the corporate veil should be pierced.

## DAMAGES

53. Plaintiff incorporates the foregoing paragraphs herein.

54. The Fair Labor Standards Act provides for damages in the amount of the unpaid compensation for overtime.

55. The statute also provides for an equal amount in liquidated damages.

56. The employer's actions were willful, and plaintiff is entitled to recovery of unpaid wages and liquidated damages for up to three years prior to the filing the claim.

    a. Defendant, upon information and belief has been sued for the failure to categorize plaintiff's predecessor correctly and should have known that plaintiff is an employee based on this lawsuit.

    b. Defendant has willfully refused to classify Plaintiff as an employee even after being requested because she has always operated that way.

    c. Defendant provided Plaintiff with paystubs indicating that Defendant knew she

should have been classified as an employee.

57. The statute provides that in addition to any judgment awarded, plaintiff is entitled to a reasonable attorney fee and costs of the action to be paid by the defendant.

58. Defendants' actions in failing to pay overtime were not made in good faith.

## **JURY DEMAND**

Plaintiff hereby requests a jury trial.

WHEREFORE, plaintiff prays for relief as follows:

1. For a determination that Defendant acted willful and not in good faith in classifying Plaintiff as an independent contractor.
2. Damages in the amount of all unpaid overtime wages, at the rate of one and one half times the regular hourly rate, for all time worked by Plaintiffs in excess of 40 hours per week during the past three years.
3. Liquidated damages in the same amount.
4. Reasonable attorney's fees and costs of bringing this action.
5. Interest as provided by law.
6. For such other and further relief as the Court may deem just and equitable.

DATED this 10TH day of January, 2020.

                                                          */s/ Kenneth Parkinson*
KENNETH PARKINSON and
FABIANA WELLS, for
HOWARD, LEWIS & PETERSEN, P.C.
Attorneys for Plaintiff